THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PEERLESS INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CARLA L. BRENNAN, an individual, LESLEE B. HENSON, individually and as Legal Heir and Personal Representative of the Heirs of DAVID LEE HENSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 4:19-cv-00101-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises out of a car accident involving Defendant Carla Brennan ("Brennan") and David and Leslee Henson (the "Accident"). David Henson was killed in the Accident, and Leslee Henson was injured. The automobile (the "Vehicle") that Brennan was driving at the time had been recently purchased from St. George Auto Gallery ("SGAG"), which is commercially insured by Peerless Indemnity Insurance Company ("Peerless"). In a state court action brought by Leslee Henson against Brennan and SGAG, the court ruled that Brennan, not SGAG, was the legal owner of the vehicle at the time of the accident.

Based on the state court judgment, Peerless filed this action for a declaratory judgment that it has no duty to defend Brennan in connection with the accident. Peerless now moves for summary judgment (the "Motion").[1] Leslee Henson filed a memorandum in opposition to the

---

[1] Motion for Summary Judgment, docket no. 22, filed Oct. 9, 2020.

Motion,[2] and Peerless filed a memorandum in reply.[3] The parties' memoranda have been reviewed and the arguments made therein have been considered. For the reasons stated below, the Motion will be GRANTED.

UNDISPUTED MATERIAL FACTS ................................................................................... 2
DISCUSSION ................................................................................................................... 5
    Peerless has  no coverage obligation under the Policy ......................................... 6
        Coverage is available only if SGAG was the owner of the Vehicle ...................... 6
        Ownership of the Vehicle at the time of the Accident has been established .......... 7
    Peerless has no duty to defend Brennan ................................................................ 10
    The alleged promise made by SGAG to Brennan about insurance  does not obligate
        Peerless to provide coverage.............................................................................. 11
ORDER ........................................................................................................................... 14

## UNDISPUTED MATERIAL FACTS

1. On February 22, 2013, Brennan purchased the Vehicle from SGAG and thereafter took immediate possession of it.[4]

2. At the time Brennan purchased the Vehicle, SGAG maintained a commercial automobile insurance policy issued by Peerless (the "Policy").[5]

3. On March 3, 2013, Brennan was involved in a car accident that killed David Henson and severely injured Leslee Henson.[6]

4. On March 2, 2015, Leslee Henson and the estate of David Henson sued Brennan for negligence and wrongful death in the case captioned *Henson v. Brennan*, Case No.

---

[2] Defendant Leslee B. Henson Memorandum in Opposition to Motion for Summary Judgment ("Opposition"), docket no. 23, filed Nov. 16, 2020.

[3] Reply in Support of Motion for Summary Judgment, docket no. 24, filed March 30, 2021.

[4] Motion, SOUMF No. 1; Opposition at 2 (no objection to SOUMF No. 1).

[5] Motion, SOUMF No. 2; Opposition at 2-3 (no objection to SOUMF No. 2).

[6] Motion, SOUMF No. 3; Opposition at 3 (no objection to SOUMF No. 3).

2

150500101, Fifth Judicial Court, Washington County, State of Utah (the "Underlying Litigation").[7]

5.     The Hensons also sued SGAG, Peerless's insured, in the Underlying Litigation, alleging that SGAG was the owner of the Vehicle at the time of the accident because SGAG had not formally transferred ownership of the Vehicle to Ms. Brennan. The Hensons, therefore, contended that SGAG was legally responsible for insuring the Vehicle.[8]

6.     The Policy states that Peerless "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies… involving the ownership, maintenance or use of covered 'autos.'"[9]

7.     The Policy further defines "insureds" to include "[a]nyone . . . using with [the insured's] permission a covered 'auto' [the insured] own[s], hire[s] or borrow[s]."[10]

8.     Based on the Hensons' allegations that SGAG owned—and was therefore required to insure—the Vehicle at the time of the Accident, Peerless tendered a defense to Brennan subject to a complete reservation of its rights (the "ROR Letter").[11]

9.     The only allegation in the Complaint in the Underlying Litigation that implicated coverage under the Policy was the Hensons' allegation that SGAG owned the Vehicle.[12]

---

[7] Motion, SOUMF No. 4; Opposition at 3 (no objection to SOUMF No. 4).

[8] Motion, SOUMF No. 5; Opposition at 3 (no objection to SOUMF No. 5).

[9] Motion, SOUMF No. 6; Opposition at 3 (no objection to SOUMF No. 6).

[10] Motion, SOUMF No. 7; Opposition at 4 (no objection to SOUMF No. 7).

[11] Motion, SOUMF No. 8; Opposition at 4 (no objection to SOUMF No. 8).

[12] Motion, SOUMF No. 9; Opposition at 4. Henson does not object to this fact, other than to say that Brennan testified that SGAG knew she did not have insurance to cover the car she was purchasing and that SGAG agreed to provide her automobile insurance coverage for 30 days after purchase. That allegation was not in the Complaint.

10. SGAG filed a motion for summary judgment in the Underlying Litigation in which it argued that it did not own the Vehicle at the time of the Accident because it sold the Vehicle to Brennan. Therefore, SGAG maintained it had no obligation to insure the Vehicle.[13]

11. On January 12, 2018, the state district court in the Underlying Litigation granted summary judgment in favor of SGAG, holding that SGAG "was not the 'owner' of the Vehicle…and there is therefore no legal basis to impose on it the requirement of maintaining liability insurance at the time of the collision."[14]

12. On July 26, 2018, the district court certified its summary judgment decision as final.[15]

13. On August 29, 2019, the Utah Court of Appeals affirmed the district court's ruling, holding that "Brennan was the legal owner [of the Vehicle] at the time of the very unfortunate accident and . . . SGAG did not have any duty to maintain liability insurance on the Vehicle after it was sold."[16]

15. Brennan testified under oath, in the Underlying Litigation that the salesperson from SGAG agreed to provide her with automobile insurance for a period of 30 days after the sale.[17]

16. Counsel for SGAG, Jonathon Hawkins, was present when Brennan testified under oath, and he asked Brennan regarding her claims.[18]

---

[13] Motion, SOUMF No. 10; Opposition at 4-5 (no objection to SOUMF No. 10).

[14] Motion, SOUMF No. 11; Opposition at 5 (no objection to SOUMF No. 11).

[15] Motion, SOUMF No. 12; Opposition at 5 (no objection to SOUMF No. 12).

[16] Motion, SOUMF No. 13; Opposition at 5-6 (no objection to SOUMF No. 13).

[17] Opposition, ASOUMF No. 1; Reply at 5-6 (no objection to ASOUMF No. 1).

[18] Opposition, ASOUMF No. 2; Reply at 6 (no objection to ASOUMF No. 2).

17. In SGAG's summary judgment motion in the underlying action, SGAG did not claim that Ms. Brennan was not extended auto insurance coverage, but only moved for summary judgment based on the ownership of the vehicle.[19]

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[21] or "if a reasonable jury could return a verdict for the nonmoving party."[22] A fact is material if "it is essential to the proper disposition of [a] claim."[23] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[24]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[25] The movant "need not negate the nonmovant's claim, but need only point out . . . that there is an absence of evidence to support the nonmoving party's case."[26] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a *genuine issue* for trial as to

---

[19] Opposition, ASOUMF No. 3; Reply at 7 (no objection to ASOUMF No. 3).

[20] FED. R. CIV. P. 56(a).

[21] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[22] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[23] *Adler*, 144 F.3d at 670.

[24] *Id*.

[25] *Id*. at 670–71.

[26] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations omitted).

those dispositive matters for which it carries the burden of proof."[27] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[28]

**Peerless has no coverage obligation under the Policy**

Peerless is entitled to a declaration that no coverage for the Accident is available under the Policy because coverage only is available under the Policy if SGAG was the owner of the Vehicle at the time of the Accident, and it has been judicially established in state court that SGAG was not the owner of the Vehicle at the time of the Accident. And since the Hensons are precluded from challenging the state court's findings and conclusions regarding ownership of the Vehicle, the Hensons have no claim for coverage under the Policy.

*Coverage is available only if SGAG was the owner of the Vehicle*

"An insurance policy is merely a contract between the insured and the insurer."[29] Thus, "an insurance policy is governed by contract law and the interpretation of its unambiguous terms is a matter of law."[30]

Under the plain language of the Policy, bodily injury damages are covered only when an "*insured*" becomes legally obligated to pay the damages.[31] An "insured," as defined in the Policy, includes "[a]nyone [who is] using with [the insured's] permission a covered 'auto' [the insured] *own[s]*, hire[s] or borrow[s]."[32] Thus, for Brennan to qualify as an "insured" under the

---

[27] *Id.* (internal quotations and citations omitted).

[28] *Id.* (internal quotations omitted).

[29] *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993).

[30] *LM Gen. Ins. Co.*, 2015 WL 12600168, at *2; see also *Utah Power & Light Co. v. Fed. Inc. Co.*, 983 F.2d 1549, 1559 (10th Cir. 1993) ("The language of an insurance policy should be construed pursuant to the same rules as are applied to other ordinary contracts.").

[31] SOUMF No. 6.

[32] SOUMF No. 7.

6

Policy, SGAG was required to have "own[ed], hire[d] or borrow[ed]" the Vehicle at the time of the Accident. As detailed below, SGAG did not own, hire, or borrow the Vehicle at the time of the Accident.

*Ownership of the Vehicle at the time of the Accident has been established*

The district court in the Underlying Litigation determined that SGAG was not the owner of the Vehicle and that it had no obligation to maintain liability insurance on the Vehicle at the time of the Accident.[33] The Utah Court of Appeals summarily affirmed the district court's decision, again confirming that Brennan "was the legal owner" of the Vehicle, not SGAG.[34] Therefore, under both the district court and court of appeals' rulings, Brennan does not qualify as an "insured" under the Policy because SGAG did not own the Vehicle at the time of the Accident.

*The Hensons are precluded from contesting ownership of the Vehicle*

Because the state courts have definitively determined that Ms. Brennan, not SGAG, owned the Vehicle at the time of the Accident, the Hensons are estopped from challenging those decisions in this case. "[I]ssue preclusion, or collateral estoppel, . . . prevents parties or their privies from relitigating particular *issues* that have been contested and resolved."[35] "In effect, once a party has had his or her day in court and lost, he or she does not get a second chance to prevail on the same issues."[36] Courts apply a "four-part test" to determine the applicability of issue preclusion:

---

[33] SOUMF No. 11.

[34] SOUMF No. 13.

[35] *Macris & Assocs., Inc. v. Neways*, 2000 UT 93, ¶ 34, 16 P.3d 1214 (citation and internal quotation marks omitted).

[36] *Heywood v. Dep't of Commerce, Div. of Real Estate*, 2017 UT App 234, ¶ 25, 414 P.3d 517 (quoting *Buckner v. Kenard*, 2004 UT 78, ¶ 12, 99 P.3d 842).

> First, the issue challenged must be identical in the previous action and in the case at hand. Second, the issue must have been decided in a final judgment on the merits in the previous action. Third, the issue must have been competently, fully, and fairly litigated in the previous action. Fourth, the party against whom collateral estoppel is invoked in the current action must have been either a party or privy to a party in the previous action.[37]

"The purposes of issue preclusion include (1) preserving the integrity of the judicial system by preventing inconsistent judicial outcomes; (2) promoting judicial economy by preventing previously litigated issues from being relitigated; and (3) protecting litigants from harassment by vexatious litigation."[38] For purposes of issue preclusion, a state court ruling on the merits carries the same weight as a ruling in federal court.[39]

Here, the prior adjudication in the Underlying Litigation satisfies each of the above elements and, as a result, the Hensons are precluded from challenging the state courts' rulings that Brennan owned the Vehicle at the time of the Accident.

*The Underlying Litigation presented the identical issue of ownership*

The identity element in the issue preclusion analysis turns on "whether the issue decided in the prior adjudication was identical to the one presented in the instant action."[40] Notably, the application of issue preclusion "does not depend on whether the claims for relief are the same."[41]

In the Underlying Litigation, the Hensons' claim against SGAG was based on allegations that SGAG was the "legal owner" of the Vehicle. Indeed, as set forth in the ROR Letter, Peerless

---

[37] *Macris*, 2000 UT 93, ¶ 37.

[38] *Oman v. Davis School Dist.*, 2008 UT 70, ¶ 28, 194 P.3d 956.

[39] *See, e.g.*, *Gray v. Express Recovery Servs., Inc.*, No. 2:07-cv-00113, 2013 WL 1341428, at *1 (D. Utah April 2, 2013) (applying issue preclusion to issues previously presented in a state court proceeding); *Cook v. Aagard*, 547 Fed. App'x 857, 860 (10th Cir. 2013) (same).

[40] *Ostler v. Ret. Bd.*, 2017 UT App 96, ¶ 26, 400 P.3d 1099.

[41] *Robertson v. Campbell*, 674 P.2d 1226, 1230 (Utah 1983); *see also Salt Lake City v. Silver Fork Pipeline Corp.*, 913 P.2d 731, 733 n.1 (Utah 1995) (recognizing that issue preclusion applies "even though the underlying claims . . . may be different").

tendered a defense to Brennan solely based on the Hensons' allegations that Brennan was "operating a vehicle owned by St. George."[42] Similarly, the extent of Peerless's duty to defend, which this action seeks to clarify, is predicated on the ownership of the Vehicle. This action therefore presents an "identical issue" to the one presented in the Underlying Litigation.

*The Underlying Litigation resulted in a final judgment on the merits*

"A 'final judgment' for purposes of issue preclusion 'includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."[43] A prior adjudication is "sufficiently firm if (1) it was not tentative, (2) the parties had an opportunity to be heard, and (3) there was an opportunity for review."[44] All of these factors are present here. First, the district court's and court of appeals's decisions were not tentative. The Summary Judgment Order was certified as final, and the Utah Court of Appeals assumed jurisdiction over the decision. Second, the Hensons had an opportunity to be heard. The Hensons briefed, and delivered argument, regarding ownership of the Vehicle—both before the district court and Utah Court of Appeals. Finally, there was an opportunity for review. The Utah Court of Appeals received and considered argument regarding the Summary Judgment Order. Additionally, the Hensons were afforded—but did not avail themselves of—the additional opportunity to submit a petition for writ of certiorari. Thus, the rulings in the Underlying Litigation are "sufficiently firm to be accorded conclusive effect."[45]

*The ownership issue was fully and fairly litigated*

---

[42] *See Summerhaze Co., LC v. Fed. Deposit Ins. Co.*, 2014 UT 28, ¶ 36, 332 P.3d 908 (recognizing the "duty to defend is controlled by the allegations in the complaint against the insured").

[43] *Heywood,* 2017 UT App 234, ¶ 28.

[44] *Id.*

[45] *Heywood,* 2017 UT App 234, ¶ 28.

"An issue is completely, fully, and fairly litigated when it is properly raised, submitted for determination, and actually determined."[46] This element of issue preclusion emanates "from fundamental due process and requires that litigants have their day in court."[47] "For purposes of due process, the parties must receive notice reasonably calculated, under all circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections."[48] Here, there can be no doubt the issue was fully and fairly litigated in the Underlying Litigation. As the Plaintiffs to the state court proceeding, the Hensons certainly had notice of the Underlying Litigation. Further, the Hensons had their day in court when they participated in proceedings before the district court and the Utah Court of Appeals.

Therefore, the Hensons had the opportunity to, and did in fact, present their arguments regarding ownership of the Vehicle, which were considered and rejected by the district court and court of appeals. The issue of ownership of the Vehicle was therefore completely, fully, and fairly litigated. Therefore, the Hensons cannot contest ownership of the Vehicle—and by extension, coverage under the Policy—because: (1) the identical issue of ownership was presented and resolved in the Underlying Litigation; (2) the ownership issue was resolved in a final judgment on the merits; (3) the ownership issue was fully and fairly litigated in the Underlying Litigation; and (4) the Hensons were parties to the Underlying Litigation.

### Peerless has no duty to defend Brennan

The duty to defend is "controlled by the allegations in the complaint against the insured" and is "a continuing duty that is triggered when the insured tenders the defense of an action

---

[46] *Ostler*, 2017 UT App 96, ¶ 27.

[47] *3D Constr. and Dev., LLC v. Old Standard Life Ins. Co.*, 2005 UT App 307, ¶ 20, 117 P.3d 1082 (quotations omitted).

[48] *Id.* (citations omitted).

against it which is potentially within the scope of policy coverage."[49] "If the underlying complaint alleges any facts or claims that might fall within the ambit of the policy, the insurer must offer a defense."[50] "The duty to defend is broader than the duty to indemnify, but the insurer's obligation is not unlimited; the duty to defend is measured by the nature and kinds of risks covered by the policy and arises whenever the insurer ascertains facts which give rise to the potential of liability under the policy."[51] An insurer has no duty to defend against claims that "are not supported by the facts."[52]

While the Hensons maintain that coverage for the Accident is available under the Policy, their contention is not "supported by the facts." As noted above, coverage for bodily injury extends only to "insureds" under the Policy. And because SGAG was not the owner of the Vehicle, Brennan was not—and is not—an "insured" under the Policy. Thus, the Policy, which protects only against bodily injury damages caused by "insureds," does not apply. Therefore, Peerless is entitled to a declaration that Peerless no longer has any duty to defend Brennan in the Underlying Litigation because there exists no possible coverage under the Policy.[53]

### The alleged promise made by SGAG to Brennan about insurance does not obligate Peerless to provide coverage

Brennan testified under oath in the Underlying Litigation that the salesperson from SGAG agreed to provide her with automobile insurance for a period of 30 days after the sale. Since the Accident occurred less than two weeks after the sale, Brennan contends that she was

---

[49] *Summerhaze Co., LC v. Fed. Deposit Ins. Co.*, 2014 UT 28, ¶ 36, 332 P.3d 908.

[50] *Id.*

[51] *Deseret Fed. Sav. v. United States Fidelity & Guar.*, 714 P.2d 1143, 1147 (Utah 1986).

[52] *Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶ 22, 140 P.3d 1210.

[53] *See Utah Power & Light Co. v. Federal Ins. Co.*, 711 F. Supp. 1544, 1554 (D. Utah 1989) (stating insurer had "no duty to defend because it had no duty to indemnify"); *see also Deseret Fed. Sav.*, 714 P.2d at 1147 ("Where there is no potential liability, there is no duty to defend.").

covered by SGAG's insurance. Further, the Hensons were not parties to the alleged insurance agreement between Brennan and SGAG, but they contend they were intended third-party beneficiaries, and therefore entitled to coverage under SGAG's insurance.

These arguments are without merit. While it is possible that SGAG's salesperson did in fact promise Brennan that she would be covered by SGAG's insurance for 30 days after purchase, and that Brennan relied on that promise, Peerless is not bound by any such promise. There is no evidence that Peerless approved, ratified or otherwise consented to SGAG's supposed promise to insure Brennan. SGAG did not have the power or authority to unilaterally amend the Policy to provide coverage for vehicles that it no longer owned.

Brennan is essentially attempting to submit extrinsic evidence (the promise by SGAG to Brennan) to establish the scope of Peerless's duty to defend. Under Utah law, however, "consideration of extrinsic evidence to determine the scope of an insurer's duty to defend is generally prohibited."[54]

Furthermore, under Utah law, "the duty to defend is controlled by the allegations in the complaint against the insured."[55] In the Complaint in the Underlying Litigation, Brennan does not allege that SGAG's salesperson promised her that she would be covered by SGAG's insurance for 30 days after purchase. Rather, she only alleges that SGAG was the owner of the Vehicle. As discussed above, Peerless no longer has any duty to defend in connection with that allegation.

As for the Hensons' claim to be third-party beneficiaries to the alleged agreement between SGAG and Brennan, injured parties such as Ms. Henson are not third-party

---

[54] *Travelers Prop. Cas. Co. of Am. v. Fed. Recovery Servs., Inc.*, 156 F. Supp.3d 1330, 1335 (D. Utah 2016).
[55] *Summerhaze Co., LC v. FDIC*, 2014 UT 28 ¶36, 332 P.3d 908.

beneficiaries to insuring agreements.[56] Furthermore, the alleged agreement between SGAG and Brennan was not in writing. "The existence of third party beneficiary status is determined by examining a written contract."[57] "The written contract must show that the contracting parties clearly intended to confer a separate and distinct benefit upon the third party."[58] There is no evidence of a written contract, or any kind of contract, between SGAG and Brennan that is clearly intended to confer a separate and distinct benefit upon the Hensons.

---

[56] *See, e.g.*, *Carmona v. Travelers Cas. Ins. Co. of Am.*, 2018 UT App 128, ¶ 14, 428 P.3d 65 (rejecting third-party beneficiary argument where "the purpose of the [indemnification] provision based on the plain language of the contract is to indemnify" the insured); *Ironshore Specialty Ins. Co. v. Callister, Nebeker & McCullough, PC*, No. 2:15-cv-00677, 2016 WL 633353, at *5 (D. Utah Feb. 17, 2016) ("[A]lthough an injured party may benefit under the contract if the insurer pays, the intent of the parties to the policy is to protect the financial well-being of the insured, not to benefit the injured third party.")

[57] *Wagner v. Clifton*, 2002 UT 109, ¶ 11, 62 P.3d 440.

[58] *Id.*

## ORDER

IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment[59] is GRANTED. A declaratory judgment in Plaintiff's favor will be entered stating that:

1. Brennan is not an "insured" under the Policy and is therefore not entitled to any coverage under the same; and

2. Peerless no longer has a duty to defend Brennan.

Dated July 20, 2021.

BY THE COURT:

David Nuffer
United States District Judge

---

[59] Motion for Summary Judgment, docket no. 22, filed Oct. 9, 2020.